SAMUEL WHITWELL & others *vs.* SAMUEL M. BURNSIDE.

A subsequent attaching creditor, on being admitted by the court of common pleas, under *St.* of 1823, *c.* 142, to defend an action brought by a prior attaching creditor, filed a bond for the payment of all such costs and damages as *said court* should adjudge and decree to have been occasioned by such defence to be so made. The action was afterwards brought, by appeal, into this court, where defence was made but did not prevail. Judgment was thereupon rendered against the defendant for the plaintiffs' full demand and for costs, and execution was sued out thereon and returned satisfied in part only, the defendant being insolvent. No adjudication respecting costs, &c. was made by the court of common pleas.

*Held,* that the plaintiff's only remedy was by suit on the bond, after an adjudication, as to costs and damages, by the court of common pleas ; and that he had waived this remedy by taking his said judgment against the original defendant.

THIS was a petition, praying the court to pass a decree that the respondent pay to the petitioners the costs and damages sustained by them by reason of his unsuccessful defence of an action brought and prosecuted by them against David T. Brigham.

It appeared that the petitioners sued out a writ against said Brigham, returnable at the April term, 1836, of the court of common pleas in this county, on which his property was attached , that said writ was duly returned, and that the action was entered at said term, and continued to the succeeding July term of said court ; that at said July term, said Brigham agreed with the petitioners, in writing, that he would be defaulted at the succeeding October term of that court, and that upon his default judgment should be entered against him for such principal sum and interest as should then be due from him to the petitioners. It also appeared that at the same July term, the respondent, being a subsequent attaching creditor of said Brigham, was admitted by said court, on his petition for that purpose duly filed, to defend the petitioners' said action, and thereupon gave bond, with sureties, pursuant to the statute of 1823, *c.* 142, to pay to the petitioners " such costs and damages as the court aforesaid " should " adjudge and decree to have been occasioned to " the petitioners " by such defence so to be made " by the respondent : That said action was continued to said October term, and was then brought to this court by appeal ; and that

·after a hearing by the full court, judgment was rendered at March term 1837, in favor of the petitioners, and an execution issued and was levied on all the property of said Brigham upon which it could be levied, and was returned unsatisfied for a large amount. The petitioners also averred that said Brigham was wholly insolvent. The records of the petitioners' said action against Brigham were made part of this case.

*B. R. Curtis*, for the petitioners. As the provisions of the Rev. Sts. on this subject are prospective only, the basis of this claim is the statute of 1823, *c.* 142. The fifth section of that statute recognizes the right of an intervening creditor to appeal or bring a writ of error. The third section directs that he shall give bond, &c. " as the court shall order," to pay such costs, &c. as the court shall adjudge and decree, — meaning the court in which final judgment shall be rendered. Most of the costs, in this case, were incurred in this court, and the common pleas should not be the ultimate tribunal in this matter.

If there be any doubt in this case, it arises from the terms of the condition of the bond. The declared object of the bond is to secure all the damages and costs in both courts ; and though it mentions the court of common pleas only, it should not be so limited as to exclude the costs in this court. The court may construe it to refer to the proper court. *Arnold* v. *Allen*, 8 Mass. 147. *Coolidge* v. *Inglee*, 15 Mass. 66.

It will be objected, that there is no breach of the condition of the bond until the common pleas have assessed the costs and damages. We ask this court to tax the costs, &c., and certify them to that court, so that they may be there adjudged and decreed to be paid.

But an action on the bond is not the necessary remedy of the obligees. It is only collateral security ; and they may ask any proper court to ascertain the damages and costs, and then debt will lie to recover them, they being equitably due to the petitioners, and the statute recognizing their equitable right to recover them. *Storer* v. *Storer*, 6 Mass. 390. *Bigelow* v. *Cambridge & Concord Turnpike*, 7 Mass. 202. *Jeffrey* v. *Blue Hill Turnpike*, 10 Mass. 368. In confirmation of this view of

the matter, it is to be considered that the damages may be great-er than the penalty in the bond, and therefore another remedy should be open to the petitioners.

The petitioners will remit the costs taxed against Brigham, if it shall be held necessary in order to maintain their claim there-for upon the respondent.

*B. Sumner* and *C. Mason,* for the respondent. The peti-tioners have recovered their full debt and costs against Brig-ham, and should not have pay twice, nor the means of enforcing it twice. The injury, if any, was sustained when they recovered judgment ; and the sound construction of the statute seems to be, that the court shall settle the matter of costs, &c. between the plaintiff and the contesting creditor, before judgment is en-tered against the defendant. If so, then there has been and can be no breach of the condition of the bond. The statute mentions only "the court whereto the writ is returnable," and makes no provision for the action of any other court on the subject of dam-ages and costs. The petitioners should have taken care to cause the respondent to secure damages and costs in the statute mode. He was not a party to the record, and execution could not have been awarded against him The petitioners are confined to their remedy on the bond w̄ᵉᵉ the court of common pleas ordered to be taken. A summary proceeding, like this, will not be adopted by this court. *Field* v. *First Massachusetts Turnpike,* 5 Mass. 389. The note appended to the Rev. Sts. *c.* 90, by the commissioners, shows that the provisions of the statute of 1823 were wholly insufficient. Hence the provisions introduced into those statutes.

This court has no authority to assess the damages and costs, and therefore an action of debt would not lie on its decree or ad-judication, if one should be made. A specific remedy, by bond or recognizance, was given by the statute ; and this distinguishes the case from those which have been cited, where a decree or judgment was rightly made, and an action of debt thereon sup-ported.

DEWEY, J. It appears that the judgment recovered by the pe-titioners against Brigham, at the March term, 1837, was for the

entire amount of principal and accruing interest on the demand against him, computed to the time of the judgment, and also for all taxable costs to that time. It further appears, that no adjudication for any costs or damages, to be paid by the respondent, was made at or before the time of rendering final judgment and issuing execution against Brigham, nor at any subsequent time.

The remedy is sought for, in the present case, under the statute of 1823, *c.* 142. This statute was obviously very imperfect in its provisions, and somewhat difficult in its execution, as respects the various interests to be affected, and has since been superseded by the more full and explicit provisions of the Rev. Sts. *c.* 90, §§ 83 – 94.

It has been objected, that the amount for which an attaching creditor, who comes in to defend, is to be held to pay, must be established by an adjudication, either preceding or concurrent with the entering up of judgment against the principal debtor. It is not necessary to express any opinion as to this objection, as we think there are other objections fatal to the prayer of the petition.

The foundation of this proceeding, and the only ground for an adjudication against the respondent, is a bond executed by him, and filed in the court of common pleas, at the time he was permitted to assume, as a subsequent attaching creditor, the defence of the petitioners' action against Brigham. And it is supposed by the petitioners, that this bond authorizes an action against the respondent to recover such costs and damages as this court shall now decree to have been occasioned to the petitioners by the said defence to that action by the respondent. But upon examination of that bond, it seems to us fatally defective as the foundation of any action, or any judgment by this court upon the subject submitted to us. The condition of the bond is for the payment of all such costs and damages as the *court of common pleas* shall adjudge and decree to have been occasioned, &c. We cannot extend the obligation of the respondent and his sureties beyond the plain and direct terms of the bond. Nor would such adjudication as is prayed for be the foundation of an action of debt, or proceeding by *scire facias*, as the statute remedy is clearly by suit on the bond

It also seems to us that this claim for costs and damages, oc casioned by the delay arising from the defence of an action by a subsequent attaching creditor, should not be enforced against the principal debtor and also against such attaching creditor. The liability of the attaching creditor, who defends a suit brought by another creditor, is not like that of bail, who are held on *scire facias*, in case of the default of their principal, to pay what the debtor should have paid ; but is rather an original liability, if the judgment creditor elects to rely upon his liability.

In the present instance, the judgment creditors entered up their judgment, and took out execution thereon for all those costs and damages which they now seek to have awarded against the respondent, and by so doing waived their claim, if any existed, upon the attaching creditor. Nor can the objection be obviated by releasing so much of the judgment against the debtor as is now demanded of the respondent. Such a release would not be effectual to revive the claim against the subsequent attaching creditor. Nor does the objection of the inability of the debtor in the original suit to pay the judgment recovered against him, vary the legal rights of the parties ; the election having been once made, cannot now be waived, and the judgment creditors thereby reinstated in their right to ask a judgment against the re spondent.

*Petition dismissed.*